**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Clark, an individual, ) | |
| ) | CIV 13-1199 TUC LAB |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Equity One, Inc; et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the court is a motion to dismiss filed by the defendants Aurora Commercial Corp., Lehman ABS Corporation, and Mortgage Electronic Registration Systems, Inc. (Doc. 11)

The plaintiff in this action, Michelle Clark, borrowed money from the defendant Equity One, Inc. to purchase residential property. She subsequently defaulted, and the property was sold at a non-judicial foreclosure trustee's sale. In the pending action, Clark claims that none of the defendants had "standing" to foreclose and she was fraudulently induced to borrow the money in the first place. In the pending motion, the defendants move that the complaint be dismissed with prejudice pursuant to Fed.R.Civ.P. 8, 9(b), and 12(b)(6).

The Magistrate Judge presides over this case pursuant to 28 U.S.C. § 636(c) having received the written consent of all appearing parties. *See* FED.R.CIV.P. 73; (Docs. 10, 21). The court finds the motion suitable for decision without oral argument. *See* Fed.R.Civ.P. 78(b).

Background

On November 21, 2003, Clark borrowed $181,440 from Equity One to buy residential property. (Doc. 11, p. 3) She executed a promissory note in favor of the lender and a deed of trust securing the note. The deed of trust named Commonwealth Land Title Insurance Co. as the trustee. The defendant Mortgage Electronic Registration Systems, Inc. (MERS) was named the beneficiary and the nominee for the lender. *Id*.

The deed of trust explained that MERS held legal title to the interests granted by the borrower to the lender. (Doc. 11, pp. 3-4) Accordingly, MERS had the right to foreclose and sell the property in the event of default. *Id*. The deed further explained that the note or interest in the note could be sold without notice to the borrower. (Doc. 11, p. 4)

MERS is a private electronic database that tracks the transfer of the beneficial interest in a loan and any changes in the loan servicer. *See Cervantes v. Countrywide Home Loans Inc.*, 656 F.3d 1034, 1038-39 (9th Cir. 2011). MERS facilitates the financial industry's practice of selling the notes, "bundling" them, and creating mortgage-backed securities for sale to third parties. *Id*. Before MERS, every time the note was sold, the new owner would have to record the transfer of the deed with the county recorder's office. *Id*. After MERS, this recording chore was eliminated because the nominal deed holder stayed the same no matter how many times the note was sold or assigned. *Id*.

MERS subsequently substituted Cal-Western Reconveyance Corporation (Cal-Western) as the trustee. (Doc. 11, p. 4) MERS also assigned the beneficial interest in the deed of trust to Aurora Loan Services LLC, which in turn conveyed that interest to Nationstar Mortgage LLC. *Id*.

Clark defaulted on her loan, and on February 15, 2013, Cal-Western gave notice of a trustee sale to be held on May 24, 2013. *Id*. The notice of sale was recorded on February 19, 2013. *Id*.

The property was sold at the trustee's sale in a non-judicial foreclosure. (Doc. 11, p. 4) The deed was recorded on July 15, 2013. *Id*.

1  On August 6, 2013, shortly after the sale, Clark filed the pending action in Pima County Superior Court. (Doc. 1-2, p. 5)  Her complaint is divided into four claims:  Lack of Standing to Foreclose, Fraud in Concealment, Fraud in Inducement, and Declaratory Relief. (Doc. 1-2, pp. 20-28)

Also included within the complaint is a request for injunctive relief. (Doc. 1-2, p. 28) Clark argues she is entitled to relief because she can establish "(A) a strong likelihood of success on the merits;  (B) the possibility of irreparable injury not remediable by damages;  (C) a balance of hardships in [her] favor; and (D) public policy favoring the requested relief." *Id.* On September 20, 2013, the action was removed to this court by the defendant Aurora Commercial Corp. based on diversity jurisdiction. (Doc. 1, p. 1)  Clark was evicted on November 4, 2013. (Doc. 11, p. 4)

The defendants Aurora Commercial Corp., Lehman ABS Corporation, and Mortgage Electronic Registration Systems, Inc. filed the pending motion on December 19, 2013. (Doc. 11) They move that this court dismiss the complaint with prejudice pursuant to Fed.R.Civ.P. 8, 9(b), and 12(b)(6). *Id.*

Standard of Review

"A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). The claim must allege a legally cognizable theory of relief and include factual allegations sufficient to support that theory. *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

To survive the motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (internal punctuation omitted).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  *Id.* at 556, 1965 (internal punctuation omitted).

- 3 -

Discussion

In Count 1, Clark claims the defendants lack standing to foreclose because they cannot prove they have a beneficial interest in the note. Moreover, she argues MERS does not have the authority to act as the lender's agent and is merely a sham beneficiary. In Count 4, she reiterates her objections to the trustee sale and moves that this court award the property to her. Clark's objection to the propriety of the sale, however, comes too late.

Pursuant to A.R.S. § 33-811(C), "[t]he trustor . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day *before* the scheduled date of the sale." (emphasis added) Clark's action was filed *after* the sale had already occurred. She has waived any objection to the propriety of the sale. *See BT Capital, LLC v. TD Service Co. of Arizona*, 229 Ariz. 299, 301, 275 P.3d 598, 600 (2012) ("Where, as here, a trustee's sale is completed, a person subject to § 33–811(C) cannot later challenge the sale based on pre-sale defenses or objections."). Counts 1 and 4 are precluded by the waiver provision of A.R.S. § 33-811(C).

The waiver provision, however, does not affect Counts 2 and 3 because they do not depend on the validity of the sale. *See Custom Homes By Via LLC v. Bank of Oklahoma*, 2013 WL 5783400, 5 (D.Ariz.2013).

In Count 2, Clark claims the "[d]efendants concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements . . . ." (Doc. 1-2, p. 24) In Count 3, she claims the defendants intentionally misrepresented to her that they are the "holder and owner" of the note and that they have the authority to foreclose on the property. Had she not been so mislead, she would not have borrowed the money in the first place.

These are both claims for fraud. Accordingly, they must be constructed in accordance with Fed.R.Civ.P. 9, which states that "circumstances constituting fraud" must be stated with "particularity." In other words, "the pleader must state the time, place, and specific content of

- 4 -

the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Clark did not do that. Accordingly, the claims should be dismissed.

The court finds in the alternative that these claims are barred by the three-year statute of limitations for fraud. A.R.S. § 12-543(3). The alleged misrepresentations were made in 2003 when the money was borrowed. Clark filed her complaint in 2013, almost ten years later. Clark offers no argument to the contrary in her response. (Doc. 13) Accordingly, the court concludes these claims must be dismissed.

The court further notes that the nature of these two claims makes them particularly problematic. In Count 3, Clark alleges the defendants intentionally misrepresented to her that they are the "holder and owner" of the note and that they have the authority to foreclose on the property. This was not a misrepresentation. The defendants *did* have the authority to foreclose. As the deed of trust specifically states, "MERS holds . . . legal title to the interests granted by the Borrower" and has "the right to foreclose and sell the property." (Doc. 11-1, p. 8) This is a true statement of how MERS operates. *See Cervantes v. Countrywide Home Loans Inc.*, 656 F.3d 1034, 1038-39 (9th Cir. 2011); *see also Hogan v. Washington Mut. Bank, N.A.*, 230 Ariz. 584, 585, 277 P.3d 781, 782 (2012) ("Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure."). A true statement cannot support an action for fraud. *See Meritage Homes Corp. v. Hancock*, 522 F.Supp.2d 1203, 1219 (D.Ariz. 2007) ("A true statement cannot form the basis for a fraudulent inducement claim. . . .").

In Count 2, Clark claims the "[d]efendants concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements . . . ." (Doc. 1-2, p. 24) She further argues she reasonably relied on the defendants' misrepresentations to her detriment. *Id*.

Presumably this securitizing occurred after the loan was made, sold, and bundled, so it is difficult to see how the defendants could have concealed what had not yet occurred. In the alternative, Clark might be claiming that the defendants concealed their intentions to sell the

- 5 -

1  note some time in the future. This theory of the case, however, fails to account for the statement
2  in the deed of trust warning Clark of this very possibility. The deed of trust explicitly states that
3  the "Note or a partial interest in the Note (together with [the deed of trust]) [could] be sold one
4  or more times without prior notice to Borrower." (Doc. 11-1, p. 16, ¶ 20) It is difficult to see
5  how Clark could have reasonably relied on the defendants' alleged misrepresentation in light
6  of this explicit notice to the contrary.

7  Embedded within the complaint is a request for injunctive relief. (Doc. 1-2, p. 28) Clark
8  argues she is entitled to relief because she can establish "(A) a strong likelihood of success on
9  the merits; (B) the possibility of irreparable injury not remediable by damages; (C) a balance
10 of hardships in [her] favor; and (D) public policy favoring the requested relief." *Id*. Clark,
11 however, has not established "a strong likelihood of success on the merits" on any of her claims.
12 In fact, she has not alleged any claims that will survive the pending motion to dismiss.
13 Injunctive relief will not be granted. *See Henkels v. J.P. Morgan Chase*, 2011 WL 2357874,
14 7 (D.Ariz. 2011) ("Plaintiff must base his requests for injunctive and declaratory relief on a
15 cognizable legal theory.").

16 In her response to the pending motion, Clark requests permission to amend the complaint
17 to add a claim for wrongful foreclosure. Her request, however, is procedurally improper
18 because she fails to comply with the Local Rules, which require a movant seeking to amend to
19 submit a copy of the proposed amended pleading for the court's inspection. LRCiv. 15.1. The
20 defendants noticed this oversight in their reply brief, but Clark has made no attempt to correct
21 her error.

22 Moreover, wrongful foreclosure is not a cause of action currently recognized by the
23 Arizona state courts. *Cervantes v. Countrywide Home Loans Inc*., 656 F.3d 1034, 1042-43 (9th
24 Cir. 2011). There have been a few instances where a federal district court has permitted a
25 wrongful foreclosure action to proceed on the assumption that Arizona might recognize that
26 cause of action, but in those cases cited by Clark, the action was premised on the theory that the
27 foreclosure was wrongful because the plaintiff was not in default. *Id*. Clark makes no such

28

1  allegation here. Accordingly, even if this court were to permit a wrongful foreclosure claim,
2  Clark fails to allege a factual basis to support such a claim. *See In re Mortgage Eletronic*
3  *Registration Systems, Inc.*, __ F.3d.__, 2014 WL 2611314, *9 (9th Cir. 2014) ("But even if we
4  were to assume that the tort of wrongful foreclosure exists in Arizona, one of its elements would
5  very likely be lack of default or tender to cure the default . . . ."). Accordingly,

7  IT IS ORDERED that the motion to dismiss filed by the defendants Aurora Commercial
8  Corp., Lehman ABS Corporation, and Mortgage Electronic Registration Systems, Inc. is
9  GRANTED. (Doc. 11) Clark's request to file an amended complaint adding a claim for
10 wrongful foreclosure is "procedurally improper and substantively unsupported." *Cervantes v.*
11 *Countrywide Home Loans Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011). The Clerk of the Court is
12 instructed to enter judgment accordingly and close this case.

14  DATED this 2nd day of July, 2014.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge

- 7 -